FILED
February 02, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____NM_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| PAULINA FUENMAYOR MACHADO, § | |
| Petitioner, § | |
| v. § | NO. SA-26-CV-00264-OLG |
| PAMELA JO BONDI, United States Attorney General, *et al.*, § | |
| Respondents. § | |

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Paulina Fuenmayor Machado's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Dkt. No. 1), to which Respondents have responded (Dkt. No. 9).

The relevant facts in this case are not in dispute. Petitioner is a citizen of Venezuela who entered the United States without inspection in 2021. (*See* Dkt. No. 1 ¶¶ 13, 20.) This proceeding turns entirely on whether, as the Board of Immigration Appeals has held, all those aliens who are applicants for admission by virtue of their being present in the United States without having been admitted or paroled are subject to mandatory detention under § 1225(b)(2)(A). *See Matter of Yajure Hurtado*, 29 I&N Dec. 216, 220–21 (BIA 2025). If not, Petitioner would be subject only to discretionary detention under 8 U.S.C. § 1226(a) and, thus, entitled to a bond hearing before an immigration judge. (*See* Dkt. No. 1 ¶¶ 20–22, 25–27; Dkt. No. 9 at 3–4.)

Having already resolved this question against Respondents' position in other habeas cases, the Court required Respondents to consider its prior orders and identify in their response any material differences between the facts of this case and the facts presented in those cases. (Dkt. No. 2.) On February 2, 2026, Respondents filed an abbreviated response, advising that "the common question of law between this case and those rulings would control the result in this case

should this Court follow its legal reasoning in its prior decisions." (Dkt. No. 9 at 2.) As such, the Court will grant the Petition and order that Petitioner be given a bond hearing or released within 14 days. *See Rahimi v. Thompson*, No. SA-25-CV-1338-OLG, Dkt. No. 13 (W.D. Tex. Dec. 4, 2025); *Perez-Puerta v. Johnson*, No. SA-25-CV-1476-OLG, Dkt. No. 13 (W.D. Tex. Dec. 15, 2025); *see also Mendoza Euceda v. Noem*, No. SA-25-CV-1234-OLG, Dkt. No. 16 (W.D. Tex. Nov. 17, 2025); *Moradi v. Thompson*, No. SA-25-CV-1470-OLG, Dkt. No. 11 (W.D. Tex. Dec. 18, 2025).[1]

Petitioner Paulina Fuenmayor Machado's Petition for Writ of Habeas Corpus (Dkt. No. 1) is therefore **GRANTED** in that Respondents must provide Petitioner with a bond hearing pursuant to § 1226(a) **within 14 days** from the date below, or release her. Respondents must file an advisory as to the status of Petitioner's bond hearing, if any, **no later than 21 days** from the date below.

Petitioner's non-habeas claims (Dkt. No. 1) and her request for temporary restraining order (Dkt. No. 6) are **DISMISSED AS MOOT**.

This case is **CLOSED**.

It is so **ORDERED**.

**SIGNED** on February _____, 2026.

ORLANDO L. GARCIA
United States District Judge

---

[1] Although none of her counts in the Petition is expressly styled as an INA-violation claim, Petitioner's allegations are sufficient for the Court to grant habeas relief based on this statutory ground. (*See* Dkt. No. 1 ¶¶ 20–27, 54–58 (requesting, inter alia, that the "Court declare § 1225 inapplicable" and order her release "unless the Government proceeds under the proper custody statute with its attendant process")).

2